NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHIYOU WANG; MING MA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-1162

Agency Nos.
A205-995-819
A205-995-820

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Petitioners Shiyou Wang (principal) and Ming Ma (rider), natives and citizens

of China, seek review of a Board of Immigration Appeals' (BIA) decision dismissing

an appeal from a decision by an Immigration Judge (IJ), which denied their

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the decisions of both the BIA and the IJ as far as the BIA adopts the IJ's conclusions. *See Flores-Vega v. Barr*, 932 F.3d 878, 885–86 (9th Cir. 2019). We review factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A factual finding "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (cleaned up).

1. Substantial evidence supports the BIA's and IJ's findings that Wang failed to establish that she was subject to harm rising to the level of persecution for her anti-eminent domain political opinion. "An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

While being anti-eminent domain is a political opinion which can be imputed by the Chinese government and thus constitute protected grounds, *Song v. Sessions*, 882 F.3d 837, 841–42 (9th Cir. 2018), that does not end the inquiry here. "Persecution, we have repeatedly held, is an extreme concept that means something

considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (cleaned up).

Wang's suffered harms, while they may be "condemnable mistreatment," "do not qualify as persecution, despite the fact that such conditions have caused the petitioners some harm." *Id.* (citation omitted). As the IJ and BIA noted, her restraint and being confined to a police car during the demolition of her factory (without any subsequent arrest or harm after that day), the unfulfilled threats from government officials, and the economic deprivation from losing her factory to eminent domain, amounted to more of an isolated "compensation dispute over the government subjecting her land to eminent domain" than evidence of persecution based on her anti-eminent domain political opinion. Considering the record before us, this was a reasonable finding which we do not disturb. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021).

The same holds true for Wang's claimed fear of future persecution. For years after the destruction of the factory and the resulting fallout, Wang "remained, unharmed, in China. . . She traveled to Europe, South Korea, and the United States and returned to China safely." "It is well established in this court than an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution." *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). As nothing in the record compels a

conclusion contrary to the BIA's and IJ's conclusions, we determine that Wang cannot prevail on her application for asylum.

2. We also hold that Petitioners failed to administratively exhaust their challenges to the agency's denial of withholding of removal and protection under CAT. Although Petitioners' brief to the BIA did briefly mention the withholding of removal and CAT protection issues in its conclusion, the BIA rightly concluded that, in substance, the brief focused only on Petitioners' eligibility for asylum. Similarly on appeal, Petitioners' opening brief focuses entirely on eligibility for asylum based on past/future persecution with only limited, cursory references to the withholding of removal and CAT claims. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) ("But by failing to develop the argument in his opening brief, [Petitioner] forfeited it."). As a result, we decline to disturb the BIA's decision to deem those issues waived. We therefore deny the petition for review.

**DENIED.**

21-1162